UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADDISON WHITE JR.,                                Case No. 1:06-CV-797

         Plaintiff,                                  Hon. Richard Alan Enslen

v.

COMMISSIONER OF
SOCIAL SECURITY,                             **JUDGMENT**

         Defendant.
_____/

        This matter is before the Court on Defendant Commissioner of Social Security's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 17, 2008, which recommended reversing and remanding the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Addison White Jr.'s claim for Disability Insurance Benefits. Plaintiff has responded in opposition to the Objections. The Report concluded the ALJ improperly determined Plaintiff's residual functional capacity ("RFC") as well as the accompanying number of light-work jobs which Plaintiff can perform.[1] This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

        The Report stated, "[a]s Dr. Basch reported, Plaintiff's impairment is exacerbated by activities such as sitting, squatting, and twisting because such activities put pressure on the entrapped nerve. (Tr. 230). This conclusion is not contradicted by any evidence in the record." (Report 10.)

---

[1] The ALJ's factual findings are incorporated by reference. (*See* Tr. 14–22.) A vocational expert testified that approximately 23,500 jobs could be performed by an individual with Plaintiff's RFC. (*Id.* at 20, 315–16.)

Contrary to the Report's conclusion, this evidence is contradicted by Dr. Basch's own findings and opinions.  For example, Dr. Basch stated Plaintiff's pain is exacerbated by *prolonged* sitting and that Plaintiff should walk more frequently to ease the pain.  (*See* Tr. 229.)  If Plaintiff continues to receive nerve block injections—which he has on several occasions—he will likely continue to obtain significant periods of pain relief of up to seven weeks.  (*See id.* at 18, 226, 250, 253–54.)  "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citing *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995)); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) ("Impairments that are controllable or amenable to treatment do not support a finding of total disability.") (citing *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999)); *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1111 (6th Cir. 1986); *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir. 1967); *cf. Collins v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (concluding that child with Attention Deficit Hyperactivity Disorder was not disabled because Ritalin controlled the impairment).  Thus, the Court concludes Plaintiff is not disabled provided he follows his treatment regime.

When the state agency physician reviewed the medical findings from Plaintiff's treating physicians, he concluded Plaintiff retained the capacity for medium work with occasional postural limitations.  (*Id.* at 133–34.)  The ALJ properly accorded little consideration to Dr. Basch's opinion that Plaintiff should be "off work indefinitely" since this only assessed Plaintiff's ability to return to his previous employment as an electrician.  (*Id.* at 17–18, 122, 229.)  Additionally, Dr. Basch's findings are inconsistent with the state agency physician's findings as well as the fact that Plaintiff receives significant pain relief from nerve block injections.  (*See id.* at 18, 138, 226, 250, 254.)  Thus, the Court finds that substantial evidence supports the ALJ's assessment of Plaintiff's RFC.

The Report relied too heavily on Plaintiff's statement that his medications cause him to experience forgetfulness, fatigue, and difficulty maintaining his balance. (*Id.* at 287–89.) The Report concluded, "[t]he ALJ's RFC determination failed to take into consideration the effect that such medication has on Plaintiff's ability to perform work activities." (Report 10.) The Report found Plaintiff's credibility "bolstered by his positive work history, including Plaintiff's repeated attempts to continue working despite suffering from severe pain." (*Id.*) *See Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998) (concluding that a claimant's good work history strengthens the claimant's credibility). Substantial evidence, however, supports the ALJ's discounting of Plaintiff's self-diagnoses since Plaintiff drives a vehicle, goes shopping, walks frequently, handles the family finances, and carries out other daily activities. (*Id.* at 95–96, 111, 226, 306.) *See Heston*, 245 F.3d at 536 ("The ALJ could properly determine that her subjective complaints were not credible in light of her ability to perform other tasks.").

Accordingly, the Court finds that although it may disagree with the ALJ's determination, the ALJ has acted within his "zone of choice" and this Court will not interfere with his disability determination. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). The Report erroneously concluded the ALJ's determination is not supported by substantial evidence.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security's Objections (Dkt. No. 11) are **GRANTED**, the Report and Recommendation (Dkt. No. 10) is **REJECTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen  
February 29, 2008  RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE