UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADDISON WHITE, JR.,

    Plaintiff,                                     Hon. Paul L. Maloney

v.                                                  Case No. 1:06-CV-797

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER DENYING MOTION FOR FEES AND COSTS

This matter is before the Court on Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act. (Dkt. #17). Counsel seeks $12,097.73 in fees and costs, as detailed in his application and amended application. (Dkt. #17, 25). For the reasons articulated below, the Court **denies** counsel's request.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

In a January 17, 2008 Report and Recommendation, Magistrate Judge Ellen S. Carmody determined that Plaintiff's impairments limited him to an extent beyond that recognized by the ALJ. (Dkt. #10). Judge Carmody further recommended, however, that there did not exist compelling evidence that Plaintiff was disabled. Accordingly, Judge Carmody recommended that the Commissioner's decision be reversed and the matter remanded for further factual findings. This recommendation was rejected, however, as the Honorable Richard Alan Enslen observed that "the Court finds that although it may disagree with the ALJ's determination, the ALJ has acted within his 'zone of choice' and this Court will not interfere with his disability determination." (Dkt. #13). Plaintiff appealed the matter to the Sixth Circuit, which reversed Judge Enslen's decision and ordered that the matter be remanded to the Commissioner for further factual findings. (Dkt. #15).

While the Sixth Circuit found that the Commissioner's decision is not supported by substantial evidence, this is a matter on which reasonable people can disagree as witnessed by the history of this case. The Court finds, therefore, that the Commissioner's position is supported, both in law and fact, "to a degree that could satisfy a reasonable person." Thus, an award of fees and costs

under the EAJA is not appropriate. This conclusion is further influenced by the Sixth Circuit's conclusion that the evidence of Plaintiff's disability is less than compelling, as well as the fact that this matter was remanded not for an award of benefits, but rather to address unresolved factual issues. *See Gray v. Commissioner of Soc. Sec.*, 2001 WL 1450821 at *1 (6th Cir., Nov. 6, 2001) (that the case was remanded not to award benefits, but for "further proceedings due to an error of law. . .further supports the Commissioner's argument that his position was justifiable"). Accordingly, Plaintiff's motion for fees and costs pursuant to the EAJA is **denied**.

        IT IS SO ORDERED.


DATED: October 26, 2009         /s/ Paul L. Maloney
        PAUL L. MALONEY
        Chief United States District Judge